HONORA CONNOR, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

DAMAGES — CLAIM AGAINST STATE. The damages recoverable from the state for injury to a building by leakage of water from a canal may include the expense necessary to repair the damages occasioned to the building by the water as well as the actual loss of rental value.

(Submitted February 12, 1897; decided March 2, 1897.)

APPEAL by claimant from an alleged insufficient award of the Board of Claims made in her favor April 13, 1894, in a claim for damages alleged to have been sustained by her

from the negligence of the state in the management of the Champlain canal.

The facts, so far as material, are stated in the opinion.

*Thomas O'Connor* for appellant. Claimant's proof shows two items of damage — decrease in rental value caused by the dampness and water in the cellar and damages to the building caused by the water. Having proved such damages, and there being no contradictory proof, the claimant is entitled to an award for the full amount claimed. (*Sayre* v. *State*, 123 N. Y. 291.)

*T. E. Hancock* for respondent. The award was sufficient. (*Chase* v. *N. Y. C. R. R. Co.*, 24 Barb. 273; *Rowland* v. *Baird*, 18 Abb. [N. C.] 262; *Easterbrook* v. *E. R. Co.*, 51 Barb. 97, 98.) Claimant was not entitled to recover for permanent diminution in value of her premises, but only such as she sustained prior to the commencement of her action. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. E. R. Co.*, 112 N. Y. 186; *Ottenot* v. *N. Y., L. & W. R. Co.*, 119 N. Y. 604.)

GRAY, J. The claim against the state was for the damages caused to the building of the appellant, in Mechanicville, Saratoga county, N. Y., by the leakage of water from the Champlain canal, in May, 1891. There was evidence that the aggregate expenditure of $426.93 would be required in mason and carpenter work to repair the injury done by the water, which came into the cellar. There was, also, evidence that there was a decrease in the rental value of the house of $7.50 a month, as a result of the presence and action of the water in the house during the time intervening between the leakage into the cellar and the subsequent construction by the state of a sewer or drain. The Board of Claims found the fact of the leakage from the canal into the claimant's premises, to the damage of her building, and that the damages which she sustained were caused by the negligence of the state; but the award was only for $50. There was no inspection of the

premises by the board and the evidence as to the damage and as to the cost of repairing was uncontradicted. In view of the evidence and of the findings, no reason is to be perceived for the smallness of the award made; except it be that the opinion obtained that no damages were recoverable in such a case, except for the loss of rental value. We think that the claimant was entitled to recover not only for the actual loss of rental value, but for the expense necessary to repair the damages occasioned to the building by the water. In the *Slavin* case, which was tried at the same time as was the present one, and which arose upon a similar state of facts, we had occasion to consider the questions which are here presented and the true rule of law, which should guide the Board of Claims in its award, was there stated. As the discussion had then was complete and is in point, nothing need be added to it now.

The award should be reversed and the claim remitted to the Board of Claims for further hearing.

All concur.

Award reversed.